116 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald WAFFORD, as an individual and as guardian ad litem
for Xavier Wafford and Dominic Wafford, Plaintiff,
v.
UNITED STATES of America, Defendant-Appellee,
and
STAT Nursing Services, Inc., Defendant-Appellant.
 No. 96-15914.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted May 7, 1997.
Decided June 5, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-95-01134-LEW; Laughlin E. Waters, District Judge, Presiding.
 Before HUG, Chief Judge, CHOY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant-appellant STAT Nursing Services ("STAT") appeals from the district court's denial of its motion to substitute the United States as defendant in a medical malpractice action against STAT. The district court denied appellant's motion without prejudice, ordering further discovery before finally determining the merits of appellant's motion.
 
 
 3
 A denial without prejudice ordinarily is not appealable to this court, as it does not entail a final order of the district court. See 28 U.S.C. § 1291. An interlocutory order is final for purposes of appeal where it "conclusively determine[s] the disputed question." Compania Mexicana de Aviacion, S.A. v. United States Dist. Ct., 859 F.2d 1354, 1358 (9th Cir.1988). The district court's denial without prejudice did not conclusively determine the question of substitution. We are therefore without jurisdiction to reach the merits of this appeal.
 
 
 4
 As this matter is in its early stages and is returning to the district court for further proceedings, we offer several suggestions for the district court's consideration. First, the district court should, at an early date, compel the plaintiff, Donald Wafford, to identify and name as defendants the individual health care workers alleged to have been negligent in their care and treatment of his wife. Second, the district court should require the United States to elect whether to substitute itself for those individuals pursuant to Section C.1.7 of its contract with STAT.[1] Third, the district court should thereafter determine whether STAT is an actual and necessary party to subsequent proceedings, given the contract language apparently requiring the substitution of the United States in negligence actions against STAT employees.
 
 
 5
 The order of the district court denying without prejudice appellant's motion to substitute was not a final order for purposes of appellate review. Therefore, we lack jurisdiction to review that order. The matter is remanded to the district court.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section C.1.7 of the contract provides as follows:
 Personal injury claims alleging negligence by the healthcare worker within the scope of his or her contract performance will be processed as claims alleging negligence by [Department of Defense] military or civil service personnel. The contractor, therefore, is not required to furnish malpractice insurance.